UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

GUY W. GANE, JR., IAN CAMPBELL GENT,
and JAMES F. LAGONA,

                Defendants.

**DECISION AND ORDER**
10-CR-90S

## I. INTRODUCTION

Defendants Guy W. Gane, Jr., Ian Campbell Gent, and James F. Lagona, are charged in a 51-count indictment with various crimes related to an investment fraud scheme. Currently before this Court are two motions for severance, filed by Defendants Gane and Gent. For the following reasons, the motions are denied.

## II. FACTS

Defendants are charged with various crimes related to the sale of securities through Watermark Financial Services Group and M-One Financial Services, two investment advisor firms. Defendants are charged together in Counts 1-31 with mail fraud and in Count 32 with conspiracy to commit mail fraud. Gane alone is charged in Counts 33-38 with securities fraud and in Counts 39-51 with money laundering.

According to the indictment, Gane was the president of both Watermark and M-One; Gent was the Chief Financial Officer; and Lagona was in-house counsel and managing director. (Indictment, ¶¶ 4, 6, and 8.) In 2006, Gane and his sales staff offered clients investment opportunities in one- or two-year "debentures" that promised 10% annual

interest. (Indictment, ¶ 5.) These "debentures," which were drafted by Lagona, were not registered with any regulatory authority. (Indictment, ¶¶ 5, 6.) After his hiring in 2007, Gent joined Gane and Lagona in the marketing and sale of the "debentures." (Indictment, ¶ 8.)

Beginning in 2007, Gane and his staff began offering "promissory notes" to investors, with a monthly return of 1% to 2%. (Indictment, ¶ 9.) Promissory notes were offered in lieu of repayment on maturing "debentures" and were also offered as new investments. (Indictment, ¶ 9.)

It is alleged that from January 2006 to May 2008, Gane and his sales force received more than $5,800,000 of investor funds in exchange for these "debentures" and "promissory notes." (Indictment, ¶ 10.) It is further alleged that Defendants were essentially operating a Ponzi scheme, paying old investors with funds obtained from new investors, without ever legitimately investing the funds.

Each defendant has pled not guilty to the charges against him.

## III. DISCUSSION AND ANALYSIS

### A. Legal Standard

Multiple defendants may properly be charged together in an indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). The preference in the federal system is that defendants who are indicted together be tried together. See United States v. Ventura, 724 F.2d 305, 312 (2d Cir. 1983). Joint

trials are efficient, "play a vital role in the criminal justice system," and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."  Richardson v. Marsh, 481 U.S. 200, 209-10, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987).

But despite this preference, a single trial for co-defendants is not mandated.  Even if properly joined under Rule 8, Rule 14 vests the court with discretion to sever the defendants' trials or provide any other relief that justice requires, if it finds that joinder appears to prejudice a defendant or the government.  FED. R. CRIM. P. 14(a).  Decisions on severance are reserved to the trial court's discretion and are considered by the Second Circuit to be "virtually unreviewable."  See United States v. Harwood, 998 F.2d 91, 95 (2d Cir. 1993); United States v. LaSanta, 978 F.2d 1300, 1306 (2d Cir. 1992) (quoting United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1991)).

**B.     Defendant Gane's Motion for Severance**

Gane contends that his case should be severed under Rule 14 because his co-defendants will likely pursue antagonistic defenses.  Gane believes that both co-defendants will attempt to establish that Gane was the one who devised and profited from the alleged scheme to defraud.  Gane's belief stems, at least in part, from the nature of the questions posed by his co-defendants' lawyers to witness Lorenzo Altadonna, whose testimony was preserved in a pretrial deposition due to health problems.  According to Gane, both lawyers attempted to blame Gane for the alleged scheme through their cross-examination of Altadonna.

3

The leading authority on antagonistic defenses as a basis for severance is the United States Supreme Court's opinion in Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). In Zafiro, the Supreme Court rejected a bright-line rule that would mandate severance whenever co-defendants had conflicting defenses. 506 U.S. at 538. Instead, the Court found that "mutually antagonistic defenses are not prejudicial per se." Id. The Court went on to direct that when defendants are properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. Moreover, while the Court noted that separate trials may be warranted where the risk of prejudice is high, it stated that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Id.

Here, the defendants are properly joined under Rule 8, and this Court finds no serious risk that a trial right will be denied or that the jury's verdict will be unreliable.

First, Gane is not entitled to a separate trial simply because he believes he may have a better chance of acquittal if tried alone. Zafiro, 506 U.S. at 540; United States v. Burke, 700 F.2d 70, 83 (2d Cir. 1983).

Second, joint trials are particularly appropriate where defendants are charged with participating in the same criminal conspiracy, as the defendants are here. See United States v. Spinelli, 352 F.3d 48, 55 (2d Cir. 2003).

Third, to the extent that Gane relies on the mere fact that his co-defendants will attempt to deflect blame onto him, that fact standing alone does not require severance. See Zafiro, 506 U.S. at 538; United States v. Haynes, 16 F.3d 29, 31-32 (2d Cir. 1994); United States v. Schlegel, No. 06-CR-550, 2009 WL 3837305, at *4 (E.D.N.Y. Nov. 16, 2009) (noting that the possibility of co-defendants placing the blame on each other is not the type of antagonism that requires severance). Indeed, the Supreme Court has noted that few cases are reversed for failure to grant severance on grounds of mutually antagonistic or irreconcilable defenses, likely because defendants are unable to show the requisite level of prejudice. See Zafiro, 506 U.S. at 538.

Finally, Gane's argument concerning the trial right that he claims would be compromised by a single trial — his right to confront witnesses — is wholly unpersuasive. Gane argues that his co-defendants' lawyers will present a "type of testimony" against Gane through their questions on cross-examination, leaving Gane no opportunity to confront this "testimony." Lawyers' questions, of course, are not testimony and the jury will certainly be instructed as such. Although in this Court's view Gane only arguably raises a trial right through this particular argument, any prejudice stemming from the questions of counsel will be fully ameliorated through the jury instructions, which the jurors are presumed to follow. Richardson, 481 U.S. at 211.

Accordingly, Gane's Motion for Severance is denied.

**C. Defendant Gent's Motion for Severance**

Gent seeks a separate trial from his co-defendants because he believes, from the discovery received, that both Gane and Lagona can provide exculpatory testimony on his behalf. Gent argues that absent a separate trial, Gane and Lagona may be unavailable as witnesses because they may elect not to testify in their own defense. This is the extent of Gent's argument.

Four factors must be considered when a severance motion is based on the need to offer exculpatory evidence from a co-defendant. Those factors are

> (1) the sufficiency of the showing that the co-defendant will waive his Fifth Amendment right and testify at a severed trial;
>
> (2) the degree to which exculpatory testimony would be cumulative;
>
> (3) the counter-arguments of judicial economy; and
>
> (4) the likelihood that the testimony would be subject to substantial, damaging impeachment.

United States v. Finkelstein, 526 F.2d 517, 523-24 (2d Cir. 1975).

To begin, Gent's argument is entirely speculative. He does not indicate whether either Gane or Lagona would waive their Fifth Amendment rights and testify at a severed trial, nor does he identify the nature of the evidence that Gane or Lagona would offer, much less establish that it would be exculpatory. No affidavits are provided from Gane or Lagona concerning their willingness to testify or the nature of the testimony they would offer. It is therefore impossible for this Court to determine whether the testimony that Gent anticipates would be exculpatory, cumulative, or subject to damaging impeachment. With this incomplete showing, Gent has failed to demonstrate any prejudice stemming from a

joint trial and has failed to overcome the federal preference that defendants who are indicted together, particularly in a criminal conspiracy, be tried together. See United States v. Bari, 750 F.2d 1169, 1178 (2d Cir. 1984) (finding that burden of demonstrating prejudice from joint trial is not satisfied by wholly conclusory statement that possible testimony is exculpatory).

Accordingly, Gent's Motion for Severance is denied.

## IV.  CONCLUSION

For the reasons set forth above, the Motions for Severance are denied.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant Gane's Motion for Severance (Docket No. 20) is DENIED.

FURTHER, that Defendant Gent's Motion for Severance (Docket No. 21) is DENIED.

SO ORDERED.

Dated:     November 24, 2010
           Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court