UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GUY W. GANE, JR.,

              Petitioner,
   v.                                       **DECISION and ORDER**
                                                          10-CR-90S (1)
                                                          14-CV-521S

UNITED STATES OF AMERICA,

              Respondent.
_____

## I. INTRODUCTION

Before this Court is Petitioner Guy Gane's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, as well as the government's Motion to Dismiss Petitioner's petition as untimely. (Docket Nos. 260, 266.) For the reasons that follow, the government's motion is granted and the petition is dismissed as untimely.

## II. BACKGROUND

On December 9, 2010, Petitioner pled guilty to mail fraud and money laundering, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1957, respectively. (Docket Nos. 35, 36, 49.) This Court sentenced Petitioner on September 14, 2011, to, *inter alia*, a term of imprisonment of 156 months. (Docket No. 134.) The Clerk of Court entered judgment on September 26, 2011. (Docket No. 138.) Petitioner did not appeal.

Almost three years later, on June 27, 2014, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Docket No. 260.) The government moved to dismiss the petition on timeliness grounds on September 10, 2014. (Docket No. 266.) Petitioner filed a 2-page affidavit in opposition to the government's motion on

1

September 30, 2014. (Docket No. 269.) This Court took the motion under advisement without oral argument.

### III. DISCUSSION

**A.    The Petition**

Twenty-eight U.S.C. § 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside, or correct a sentence. Specifically, "[s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time allowed by law." Rose v. United States, No. 13-CV-5885, 2013 WL 5303237, at *1 (S.D.N.Y. Sept. 20, 2013) (quoting Thai v. United States, 391 F.3d 491, 493 (2d Cir. 2005)). A prisoner is entitled to a hearing on a motion filed under section 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (b); see also Pham v. United States, 317 F.3d 178, 184-85 (2d Cir. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially

> recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

Under § 2255 (f)(1), a petition must be filed within one year of the date that the underlying conviction becomes final. When a petitioner fails to file a direct appeal, the judgment of conviction "becomes final when the time for filing a direct appeal expires." See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Apotosky v. United States, 09-Cr-166A, 13-CV-737A, 2016 WL 1584383, at *2 (W.D.N.Y. Mar. 8, 2016) (citing Moshier). The time for filing a direct appeal expires 14 days after entry of judgment. See Fed. R. App. P. 4 (b)(1)(A)(i).

Here, the Clerk of Court entered judgment on September 26, 2011. (Docket No. 138.) Petitioner's time to file an appeal would normally have expired 14 days later, on October 10, 2011. See Fed. R. App. P. 4 (b)(1)(A)(i). But because October 10, 2011, was a federal holiday, Petitioner's time to file an appeal expired the next day, on October 11, 2011. See Fed. R. App. P. 26 (a)(1)(C). Petitioner did not appeal. Petitioner therefore had one year from October 11, 2011, within which to file his § 2255 petition. Petitioner filed his petition on June 27, 2014, which is two years, eight months, and 17 days after October 11, 2011. (Docket No. 260.) The petition is therefore untimely under 28 U.S.C. § 2255 (f)(1).

Petitioner argues, however, that his motion is timely under 28 U.S.C. § 2255 (f)(4), because (1) he instructed his attorney to appeal his sentence, (2) he thought that his attorney did so, and (3) he did not learn that his attorney failed to file an appeal until

3

November 2013. (Declaration of Guy W. Gane, Docket No. 269, ¶ 2.) Although Petitioner terms what he seeks as "equitable tolling," § 2255 (f)(4) is not a tolling provision; rather, it starts the one-year limitations period anew, moving it from the date the conviction becomes final to a later date on which the petitioner's claim accrued.[1]  See Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). Thus, the court's task "is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." Id. The petitioner would then have one year from that date to file a timely § 2255 petition. See id.

Here, Petitioner filed his § 2255 petition on June 27, 2014. His petition is therefore timely only if, with reasonable diligence, he could not have discovered his counsel's failure to file an appeal before June 26, 2013, which is one year, eight months, and 16 days after his appeal was due (on October 11, 2011). In Wims, the Second Circuit found that a five-month delay was not clearly unreasonable. See Wims, 225 F.3d at 191. But the delay

---

[1] Equitable tolling is a different concept. The one-year limitation period can be equitably tolled in "rare and exceptional circumstance[s]." See Smith v. McGinnis, 208 F.2d 13, 17 (2d Cir. 2000). "To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). Extraordinary circumstances are judged by "how severe an obstacle it is for the prisoner endeavoring to comply" with the one-year limitations period, not on the unusualness of the obstacle. Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011). And in judging whether a petitioner has been diligent, the standard is reasonable diligence, not extreme or exceptional diligence. See Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003).

Indeed, the failure of an attorney to file an appeal despite having been instructed to do so qualifies as the sort of rare and extraordinary circumstance that may warrant equitable tolling. See, e.g., Csanadi v. United States, Civil No. 3:15CF1459 (JBA), 2016 WL 2588162, at *4 (D. Conn. May 4, 2016) (finding that an attorney's failure to file an appeal as directed warranted consideration of equitable tolling); cf. Baldayaque, 338 F.3d at 150-53 (holding that the petitioner's attorney's failure to file a § 2255 petition as directed constituted a rare and extraordinary circumstance). The question then becomes whether the petitioner acted as diligently as reasonably possible in determining whether an appeal was filed on his behalf. See Baldayaque, 338 F.3d at 153.

Given the lack of diligence in this case, as explained herein, Petitioner is not entitled to equitable tolling.

here is more than triple that.

Petitioner maintains that "when [he] was able to check on the status of [his] appeal" in November 2013, he learned that no appeal had been filed on his behalf. (Declaration of Guy W. Gane, ¶ 2.) But Petitioner provides no explanation whatsoever for why he was only first able to "check on the status of [his] appeal" two years and one month after he thought it had been filed. Nor does he indicate what efforts, if any, he made to check on the status of his appeal after October 11, 2011. Petitioner has therefore failed to establish that he acted with reasonable diligence. See Tharrington v. Director, Va Dept. of Corrections, Civil Action No. 3:14CV720, 2015 WL 4606174, at *4 (E.D. Va. July 30, 2015) (noting that once the petitioner instructed his attorney to file an appeal, "it was incumbent upon him to demonstrate that he diligently followed up with his attorney regarding the status of that appeal.")

Given these facts, this Court finds that a petitioner acting with reasonable diligence would have discovered that no appeal had been filed, at the latest, one year after the date his or her judgment became final. See Gonzalez-Ramos v. United States, No. 05 Civ. 3974, 99 CR. 1112 (LAP), 2007 WL 1288634, at *9 (S.D.N.Y. May 2, 2007) (finding that a petitioner should discover that no appeal has been filed within one year after the judgment becomes final); Tharrington, 2015 WL 4606174, at *4 (same). Here, that date is October 10, 2012. Petitioner's § 2255 motion would then have been due one year after that, on October 10, 2013. Thus, Petitioner's motion, which he filed on June 27, 2014, is untimely and must be dismissed.

B.  **Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted). Petitioner has made no such substantial showing of the denial of a constitutional right in this case. A certificate of appealability will therefore not be issued.

## IV.  CONCLUSION

For the reasons stated above, the government's motion to dismiss Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence on timeliness grounds is granted. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V.  ORDERS

IT HEREBY IS ORDERED, that the government's Motion to Dismiss (Docket No. 266) is GRANTED.

FURTHER, that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docket No. 260) is DISMISSED as untimely.

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, under 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8

L.Ed.2d 21 (1962).

    FURTHER, that the Clerk of Court is directed to CLOSE 14-CV-521S.

    SO ORDERED.


Dated:    October 3, 2016
             Buffalo, New York


                                           <u>/s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                     United States District Judge